UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT<br>1309 Coffeen Avenue<br>Suite #3556<br>Sheridan, WY 82801<br><br>   Plaintiff,<br><br> v.<br><br>NATIONAL OCEANIC AND<br>ATMOSPHERIC ADMINISTRATION<br>1401 Constitution Avenue, NW<br>Washington, DC 20230<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A No. 22-2988<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO") for its complaint against Defendant NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION ("NOAA"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records in response to three FOIA requests for certain described NOAA records.

2. NOAA has improperly denied the requests by failing to provide an initial determination, produce responsive records or otherwise perform in accordance with its obligations under FOIA, as defined and explained in *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

3. Plaintiff sought fee waivers for the requests, as provided by FOIA, based on the public interest in the information requested as detailed in the requests themselves, and

requester's recognized status as a media outlet for FOIA purposes and its intention and ability to broadly disseminate the information.

4. NOAA has responded to only one of the requests for fee waiver.

5. NOAA has not responded to requester with an initial determination or substantive response in any way, for any of the three requests, nor has NOAA even assigned two of the requests FOIA tracking numbers.

6. NOAA has not given plaintiff any estimate regarding the volume of records responsive to the requests, nor a date by which responsive records would be produced, nor any FOIA exemptions which it anticipates might apply.

7. NOAA therefore has failed to respond to plaintiff's requests. It has therefore inherently failed to make a "determination" as that term is defined in the law.

8. Accordingly, plaintiff files this lawsuit to compel NOAA to comply with the law and produce the properly described public records in these three FOIA requests.

## PARTIES

9. Plaintiff Government Accountability & Oversight ("GAO") is a nonprofit research, public policy and public interest organization organized under the laws of Wyoming. GAO is dedicated to supporting pursuit of governmental transparency particularly in the areas of energy and environmental policy and regulation, how public institutions come to be used in the ways they are, and how policymakers use public resources.

10. Defendant NOAA is a federal agency, formally a bureau of the United States Department of Commerce headquartered in Washington, DC. Its stated mission includes "provid[ing] citizens, planners, emergency managers and other decision makers with reliable information they need when they need it."

## JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

12. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the records are likely located in Washington, D.C., and because defendant NOAA is a federal agency.

## FACTUAL BACKGROUND

13. On August 9, 2022, plaintiff submitted a FOIA request to NOAA by electronic mail at FOIA@NOAA.gov seeking copies of certain described records reflecting the costs of sending officials to a conference in Portugal.

14. On August 16, 2022, plaintiff submitted a FOIA request to NOAA by electronic mail at FOIA@NOAA.gov seeking copies of certain described electronic correspondence pertaining to its management of social media platforms.

15. On August 29, 2022, plaintiff submitted a FOIA request to NOAA by electronic mail at FOIA@NOAA.gov seeking copies of certain described electronic correspondence pertaining to a published item titled "PolitiFact | Fact-checking a talking point about 'corrupted' climate change data" and reflecting NOAA's assistance therewith.

16. In all three requests, plaintiff sought reduction or waiver of its fees on the alternate and supported bases of the public interest, and its status as a media outlet as recognized for FOIA purposes by other federal agencies.

17. Defendant only acknowledged the August 29, 2022, request, assigning it tracking number DOC-NOAA-2022-002651 on September 23, 2022, and granted requester's fee waiver.

18. On October 3, 2022 Defendant acknowledged the August 16, 2022 request, granted requester its fee waiver, and assigned it tracking number DOC-NOAA-2022-002713.

19. On October 3, 2022 Defendant acknowledged the August 16, 2022 request, and assigned it tracking number DOC-NOAA-2022-002714.

20. NOAA owed plaintiff responses, or at least "determinations" with respect to these requests, on or before September 7th, September 14th, and September 27th, respectively.

21. Defendant has provided no responsive records for any of the three requests.

22. By failing to provide a substantive response, a "determination," or a proper and lawful response of any kind to any of the three requests, including a response that merely set forth a schedule of production and what exemptions it might claim under FOIA, or indeed any other response, to by failing to comply with FOIA's timeframe for making a "determination," *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013), defendant has also waived any ability to now seek fees.

## ARGUMENTS

23. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope

of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

24. 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. NOAA did not seek additional information from plaintiff regarding the requests at issue in this suit.

25. Defendant NOAA owes plaintiff records responsive to the requests at issue in this suit subject to legitimate withholdings, which requests reasonably described the information sought and were otherwise filed in compliance with applicable law.

26. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

27. By failing to substantively respond to plaintiff's requests in the required time in violation of statutory deadlines, defendant has also waived any ability to now seek fees.

28. Plaintiff has constructively and actually exhausted the administrative process as regards these requests, because of NOAA's failure to abide by FOIA's statutory deadlines.

### FIRST CLAIM FOR RELIEF
**Seeking Declaratory Judgment**

29. Plaintiff re-alleges paragraphs 1-28 as if fully set out herein.

30. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business, because defendant has failed to substantively respond pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

31. Plaintiff asks this Court to enter a judgment declaring that:

    a. NOAA's correspondence as specifically described in plaintiff's FOIA requests described, *supra*, are subject to release under FOIA;

    b. NOAA must release those requested records or segregable portions thereof subject to legitimate exemptions;

    c. NOAA may not assess or seek costs and fees for the requests at issue in this case, as plaintiff is entitled to a waiver of its fees.

### SECOND CLAIM FOR RELIEF
**Seeking Injunctive Relief**

32. Plaintiff re-alleges paragraphs 1-31 as if fully set out herein.

33. Plaintiff is entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiff's FOIA requests, without fees, subject to legitimate withholdings.

34. Plaintiff asks the Court to order the defendant to produce to plaintiff, within 10 business days of the date of the order, the requested records described in plaintiff's FOIA requests, subject to legitimate withholdings.

35. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to defendant's withholdings and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

36. Plaintiff re-alleges paragraphs 1-35 as if fully set out herein.

37. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

38. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA requests at issue in this case.

39. Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 4th day of October, 2022,

GOVERNMENT ACCOUNTABILITY & OVERSIGHT

By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com


Christopher Cochran Horner, D.C. Bar #440107
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 262-4458
Email: chris@chornerlaw.com

*Attorneys for Plaintiff*